UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bernard Howell, Sr. individually, and
Bernard Howell, Sr., as parent and custodian
of BH, Jr.,                                         )
                                                    )
  Plaintiff,                                        )
                                                    )
v.                                                  )      Case No. _____
                                                    )
Frontier Airlines Holdings, Inc.                    )
                                                    )      Judge _____
       Defendant.                                  )

## VERIFIED COMPLAINT

The Plaintiff, Bernard Howell, for himself, and as parent and natural guardian of BH, Jr, a minor, by and through their attorneys Morris Law Group, P.A.., in support of this complaint states and alleges the following:

1. The Plaintiffs are citizens of the state of Minnesota, currently residing in Burnsville, County of Dakota (First Judicial District).

2. The Defendant is a Colorado corporation with its principal place of business in Colorado, and does substantial business in all states and markets, including Minnesota. That Defendants pay for and use a permanent terminal at the Minneapolis/St. Paul international airport in Minnesota. Defendant has sufficient minimum contacts for constitutional purposes to allow Minnesota to have jurisdiction of this law suit (State and Federal Court). Defendant flies countless residents and citizens of Minnesota in and out of

1

Minnesota. Defendant has personnel in Minnesota, hangers in Minnesota, maintenance garage and staff in Minnesota – all for the protection of those coming in and out of Minnesota, and for Defendant's airplanes in Minnesota.

3. Defendant is a citizen of the state of Colorado; but again, has substantial contacts in Minnesota (terminal, substantial flying in and out - picking up and departing Minnesota residents, such as Plaintiffs).

4. The amount in controversy **exceeds** $75,000, exclusive of interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332. (Diversity of citizens and dispute greater than $75,000.00).

6. The defendant does business in Minnesota, and has a registered agent in this State. The defendant resides in this district within the meaning of 28 U.S.C § 1391(c) and this Court is a proper venue for this case pursuant to 28 U.S.C. § 1391(b). That Defendants fly numerous planes in and out of Minnesota, take countless citizens and residents in and out of Minnesota, and have Garages, hangers, mechanics and performs mechanical works on their planes in Minnesota. Defendants market and advertise in Minnesota and advertised to Plaintiffs. Plaintiffs, in Minnesota and while in Minnesota purchased a plane ticket for himself and his son, and Defendant sold the plane tickets in Minnesota and the transaction occurred in Minnesota. That Defendants always foresee there could be an accident or incident in any state, including Minnesota, at all times of their operations. Defendants are subject to

the rules, codes and regulations of the Minneapolis/St. Paul Airport Commission and pay fees to the same for gate privileges and having a physical location in Minnesota. Defendants expressly represent they are an airline for Minnesotans.

7. On or about April 30, 2019, Plaintiffs were permissive passengers traveling by air from Las Vegas to Minneapolis, Minnesota. On a leg of this journey from Las Vegas to Colorado, Plaintiffs were injured as a result of an emergency descent and/or rough landing and/or trouble with a landing gear, and/or pilot error/negligence, causing Plaintiffs to be thrown forward and up in their seats. Plaintiff Bernard Howell, Sr., ended up banging his head very hard on the overhead cabin and also in his seat, causing a concussion and traumatic brain injury.

8. Pursuant to 49 U.S.C. § 44701(d)(1)(A), § 44702(b)(1)(A), and applicable state common law, it was the duty of the defendant air carrier to provide service to Plaintiffs and other passengers on board flight on or about April 30, 2019, with the highest possible degree of safety in the public interest.

9. Notwithstanding and in violation of this duty the defendant, through agents, servants or employees acting within the course and scope of their employment:

    a. Negligently maintained and inspected the aircraft;

b. Negligently maintained and inspected the component parts of the aircraft;

c. Negligently maintained and inspected the cabin pressurization system and sensors including a "Cabin Pressure Control" (CPC) which malfunctioned; and or

d. Negligently operated the aircraft.

e. Plaintiffs also assert the doctrine of Res Ipsa Loquitor, as Defendant was in the sole and exclusive control of the maintenance and operation/piloting of the place in question and Plaintiffs had no right to control these matters and certainly, did nothing to cause the hard landing and any mechanical problems. The type of landing hard was something.

10. In the alternative to these specific negligent acts or omissions, Plaintiff invokes the doctrine of res ipsa loquitur because the defendant was in exclusive control of the aircraft and an emergency descent and/or hard landing and/or landing gear issues, unrelated to other air traffic is not the type of event that ordinarily happens absent negligence by the air carrier in either maintenance or operation of the aircraft, both of which the airline is responsible for under the Federal Aviation Act and Part 121 of the Federal Aviation Regulations.

11. As a direct and proximate result of one or more of the aforementioned specific negligent acts or omissions or defendant's general

negligence, Plaintiffs. suffered severe injuries and damages of a personal and pecuniary nature including, but not limited to medical expenses, physical pain, emotional suffering, partial disability, loss of earning capacity and loss of a normal life for over six months. These losses have been incurred in the past and will be incurred in the future. Some of these losses are permanent. Plaintiff BH, Jr. suffered extreme emotional distress and some injury.

WHEREFORE, the Plaintiffs respectfully request that judgment be entered in their favor and against the Defendant in an amount which will fully and fairly compensate for all compensable losses under state and Federal law. This equates to a sum of at least $275,000.00.

Plaintiff demands trial by jury.

LAWYER FOR PLAINTIFF
Morris Law Group, P.A.
s/s Rich Hechter
Richard Hechter (#199537)
7380 France Avenue South, Suite 250
Edina, MN 55435
Phone: (952) 832-2000
Email: rhechter@morrislawmn.com

DATED: February 16, 2023        /s/ Richard Hechter
                                Richard Hechter

Verification

I, Bernard Howell, Sr., state and swear, subject to the laws of perjury,

5

that everything in this complaint is true and accurate to the best of my information, knowledge and belief.

s/s Bernard Howell

_____

Bernard Howell

6