# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bernard Howell, Sr., | Case No. 23-cv-1600 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Frontier Airlines Holdings, Inc., | |
| Defendant. | |

More than 90 days have elapsed since suit was filed and no appearance has been entered by Defendant. The Federal Rules of Civil Procedure and the Local Rules of this District require that an answer or other pleading be filed. The Court does not permit counsel by agreement to extend the time for filing an answer or other pleading, although an initial motion for extension of time will be liberally considered by the Court in the absence of any objection by opposing counsel.

**IT IS HEREBY ORDERED:**

1. Plaintiff must notify Defendant with 5 days or this order that its counsel is required to make an appearance or move for an extension of time to do so.

2. If Defendant's required pleading is not filed within 10 days of notification; plaintiff must file on the docket a letter advising the Court when notification was made.

3. In addition, if Defendant's required pleading is not filed within 10 days of notification Plaintiff shall file an application for entry of default or voluntary dismissal; or advise the Court in writing of any good cause to the contrary.



PLAINTIFF'S EXHIBIT 2

4. Unless Plaintiff complies with this order, this case will be recommended for dismissal for lack of prosecution.

Dated: October 5, 2023                  ___s/David T. Schultz_____
                                                                DAVID T. SCHULTZ
                                                                U.S. Magistrate Judge

CASE 0:23-cv-01060-JRT-DTS Doc. 52 Filed 10/05/23 Page 2 of 14

| STATE OF MINNESOTA | ) | Court File # |
| | ) ss. | |
| COUNTY OF | ) | |

Bernard Howell, Sr,

        Plaintiff,

v.

**AFFIDAVIT OF SERVICE**

Frontier Airlines Holdings, Inc.,

        Defendant.

**PRO LEGAL SUPPORT SERVICES, INC.**

I, LeShel Balgie, state that on October 10, 2023, at 3:05 pm, I served a copy of the Summons in a Civil Action; Verified Complaint; Order; and Civil Cover Sheet in the above entitled action upon Frontier Airlines Holdings, Inc., c/o Registered Agent: Corporate Service Company therein named, at 2345 Rice St Suite 230, Roseville, MN 55113, in the County of Ramsey, by handing to and leaving with Christina Olund (Customer Service Specialist) true and correct copies thereof.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

Signed in the state of: <u>Minnesota</u>

In the county of: <u>Hennepin</u>

Dated: <u>October 10, 2023</u>

                                                                         *LeShel Balgie*

LeShel Balgie
7800 Metro Parkway #300
Bloomington, MN 55425
(612) 860-5844
service@prolegalmn.com

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bernard Howell, Sr. individually, and
Bernard Howell, Sr., as parent and custodian
of BH, Jr.,                                                      )
                                                                 )
  Plaintiff,                                                   )
                                                                 )
v.                                                               )      Case No. _____
                                                                 )
Frontier Airlines Holdings, Inc.                                 )
                                                                 )      Judge _____
        Defendant.                                               )

## VERIFIED COMPLAINT

The Plaintiff, Bernard Howell, for himself, and as parent and natural guardian of BH, Jr, a minor, by and through their attorneys Morris Law Group, P.A.., in support of this complaint states and alleges the following:

1. The Plaintiffs are citizens of the state of Minnesota, currently residing in Burnsville, County of Dakota (First Judicial District).

2. The Defendant is a Colorado corporation with its principal place of business in Colorado, and does substantial business in all states and markets, including Minnesota. That Defendants pay for and use a permanent terminal at the Minneapolis/St. Paul international airport in Minnesota. Defendant has sufficient minimum contacts for constitutional purposes to allow Minnesota to have jurisdiction of this law suit (State and Federal Court). Defendant flies countless residents and citizens of Minnesota in and out of

1

Minnesota. Defendant has personnel in Minnesota, hangers in Minnesota, maintenance garage and staff in Minnesota – all for the protection of those coming in and out of Minnesota, and for Defendant's airplanes in Minnesota.

3. Defendant is a citizen of the state of Colorado; but again, has substantial contacts in Minnesota (terminal, substantial flying in and out - picking up and departing Minnesota residents, such as Plaintiffs).

4. The amount in controversy **exceeds** $75,000, exclusive of interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332. (Diversity of citizens and dispute greater than $75,000.00).

6. The defendant does business in Minnesota, and has a registered agent in this State. The defendant resides in this district within the meaning of 28 U.S.C § 1391(c) and this Court is a proper venue for this case pursuant to 28 U.S.C. § 1391(b). That Defendants fly numerous planes in and out of Minnesota, take countless citizens and residents in and out of Minnesota, and have Garages, hangers, mechanics and performs mechanical works on their planes in Minnesota. Defendants market and advertise in Minnesota and advertised to Plaintiffs. Plaintiffs, in Minnesota and while in Minnesota purchased a plane ticket for himself and his son, and Defendant sold the plane tickets in Minnesota and the transaction occurred in Minnesota. That Defendants always foresee there could be an accident or incident in any state, including Minnesota, at all times of their operations. Defendants are subject to

the rules, codes and regulations of the Minneapolis/St. Paul Airport Commission and pay fees to the same for gate privileges and having a physical location in Minnesota. Defendants expressly represent they are an airline for Minnesotans.

7. On or about April 30, 2019, Plaintiffs were permissive passengers traveling by air from Las Vegas to Minneapolis, Minnesota. On a leg of this journey from Las Vegas to Colorado, Plaintiffs were injured as a result of an emergency descent and/or rough landing and/or trouble with a landing gear, and/or pilot error/negligence, causing Plaintiffs to be thrown forward and up in their seats. Plaintiff Bernard Howell, Sr., ended up banging his head very hard on the overhead cabin and also in his seat, causing a concussion and traumatic brain injury.

8. Pursuant to 49 U.S.C. § 44701(d)(1)(A), § 44702(b)(1)(A), and applicable state common law, it was the duty of the defendant air carrier to provide service to Plaintiffs and other passengers on board flight on or about April 30, 2019, with the highest possible degree of safety in the public interest.

9. Notwithstanding and in violation of this duty the defendant, through agents, servants or employees acting within the course and scope of their employment:

    a. Negligently maintained and inspected the aircraft;

  b.  Negligently maintained and inspected the component parts of the aircraft;

  c.  Negligently maintained and inspected the cabin pressurization system and sensors including a "Cabin Pressure Control" (CPC) which malfunctioned; and or

  d.  Negligently operated the aircraft.

  e.  Plaintiffs also assert the doctrine of Res Ipsa Loquitor, as Defendant was in the sole and exclusive control of the maintenance and operation/piloting of the place in question and Plaintiffs had no right to control these matters and certainly, did nothing to cause the hard landing and any mechanical problems. The type of landing hard was something.

  10.  In the alternative to these specific negligent acts or omissions, Plaintiff invokes the doctrine of res ipsa loquitur because the defendant was in exclusive control of the aircraft and an emergency descent and/or hard landing and/or landing gear issues, unrelated to other air traffic is not the type of event that ordinarily happens absent negligence by the air carrier in either maintenance or operation of the aircraft, both of which the airline is responsible for under the Federal Aviation Act and Part 121 of the Federal Aviation Regulations.

  11.  As a direct and proximate result of one or more of the aforementioned specific negligent acts or omissions or defendant's general

negligence, Plaintiffs. suffered severe injuries and damages of a personal and pecuniary nature including, but not limited to medical expenses, physical pain, emotional suffering, partial disability, loss of earning capacity and loss of a normal life for over six months. These losses have been incurred in the past and will be incurred in the future. Some of these losses are permanent. Plaintiff BH, Jr. suffered extreme emotional distress and some injury.

WHEREFORE, the Plaintiffs respectfully request that judgment be entered in their favor and against the Defendant in an amount which will fully and fairly compensate for all compensable losses under state and Federal law. This equates to a sum of at least $275,000.00.

Plaintiff demands trial by jury.

LAWYER FOR PLAINTIFF
Morris Law Group, P.A.
s/s Rich Hechter
Richard Hechter (#199537)
7380 France Avenue South, Suite 250
Edina, MN 55435
Phone: (952) 832-2000
Email: rhechter@morrislawmn.com

DATED: February 16, 2023                 */s/ Richard Hechter*
                                          Richard Hechter

Verification

I, Bernard Howell, Sr., state and swear, subject to the laws of perjury,

that everything in this complaint is true and accurate to the best of my information, knowledge and belief.

s/s Bernard Howell

_____

Bernard Howell

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bernard Howell, Sr., individually, and Bernard Howell, Sr., as parent and costodian of BH, Jr., a minor

**(b)** County of Residence of First Listed Plaintiff: **Dakota**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Morris Law Group, P.A., 7380 France Avenue South, STE 250, Edina, MN 55435; 952-832-2000

## DEFENDANTS
Frontier Airlines Holdings, Inc.

County of Residence of First Listed Defendant: **Denver**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | [x] 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sec. 1332 et.seq. and 49 USC Sec. 44701 et seq and 49 USC Sec. 44702 et seq.

Brief description of cause:
Negligence leading to personal injuries with regard to operating and maintaining an airplane.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 275,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: May 31, 2023
SIGNATURE OF ATTORNEY OF RECORD: s/s Richard W. Hechter

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
for the  
District of Minnesota

Bernard Howell, Sr,

                    *Plaintiff,*

v.                                                Case No. 0:23–cv–01600–JRT–DTS

Frontier Airlines Holdings, Inc.,

                    *Defendant.*

## SUMMONS IN A CIVIL ACTION

To:  Frontier Airlines Holdings, Inc.

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

            Richard W Hechter  
            7380 France Avenue South  
            250  
            Minneapolis, MN  
            55435

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                        By: *[signature]* M. Fogarty

                                                                       Kate M. Fogarty, Clerk of Court

Date of Issuance:  June 7, 2023

AO 440 (Rev. 06/12) Summons in a Civil Action

Civil Action No. 0:23–cv–01600–JRT–DTS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*_____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)*_____
_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)*_____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)*_____
_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify):*

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                                       *Server's signature*

                                                        _____
                                                                       *Printed name and title*

                                                        _____
                                                                       *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bernard Howell, Sr., | Case No. 23-cv-1600 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Frontier Airlines Holdings, Inc., | |
| Defendant. | |

More than 90 days have elapsed since suit was filed and no appearance has been entered by Defendant. The Federal Rules of Civil Procedure and the Local Rules of this District require that an answer or other pleading be filed. The Court does not permit counsel by agreement to extend the time for filing an answer or other pleading, although an initial motion for extension of time will be liberally considered by the Court in the absence of any objection by opposing counsel.

**IT IS HEREBY ORDERED:**

1.  Plaintiff must notify Defendant with 5 days or this order that its counsel is required to make an appearance or move for an extension of time to do so.

2.  If Defendant's required pleading is not filed within 10 days of notification; plaintiff must file on the docket a letter advising the Court when notification was made.

3.  In addition, if Defendant's required pleading is not filed within 10 days of notification Plaintiff shall file an application for entry of default or voluntary dismissal; or advise the Court in writing of any good cause to the contrary.

2

4. Unless Plaintiff complies with this order, this case will be recommended for dismissal for lack of prosecution.

Dated: October 5, 2023          ___s/David T. Schultz_____
                                DAVID T. SCHULTZ
                                U.S. Magistrate Judge