UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bernard Howell, Sr., individually, and
Bernard Howell, Sr., as parent and custodian
of BH, Jr.,

        Plaintiff,

v.

Frontier Airlines Holdings, Inc.,

        Defendant.

Case No. 0:23-cv-01600-JRT-DTS

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant, Frontier Airlines Holdings, Inc. ("Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby answers, admits, denies, and asserts as follows:

**VERIFIED COMPLAINT**

1. Answering Paragraph No. 1, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

2. Answering Paragraph No. 2, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant admits that the Defendant, Frontier Airlines Holdings, Inc. ("Defendant"), is a Colorado corporation with its principal place of business in Colorado, that Defendant pays for and uses a terminal at the Minneapolis-St. Paul International Airport located in Minnesota, that Defendant flies certain residents and citizens of Minnesota in and out of Minnesota, and that Defendant has certain property located in Minnesota. In further answering, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and, as such,

1

denies.

3.      Answering Paragraph No. 3, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant admits that Defendant is a citizen of the state of Colorado. In further answering, this Defendant admits that the Defendant pays for and uses a terminal at the Minneapolis-St. Paul International Airport located in Minnesota and that Defendant flies certain residents and citizens of Minnesota in and out of Minnesota. This Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and, as such, denies.

4.      Answering Paragraph No. 4, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

5.      Answering Paragraph No. 5, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

6.      Answering Paragraph No. 6, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant admits that Defendant has a registered agent located in Minnesota, that Defendant pays for and uses a terminal at the Minneapolis-St. Paul International Airport located in Minnesota, that Defendant flies certain residents and citizens of Minnesota in and out of Minnesota, that Defendant has certain property located in Minnesota, that Defendant markets and advertises in Minnesota, and that Defendant is subject to certain rules, codes, and regulations of the Metropolitan Airports

Commission and pays certain fees to the Metropolitan Airports Commission. In further answering, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and, as such, denies.

7. Answering Paragraph No. 7, this Defendant specifically denies any implication, assertion, or suggestion that Defendant and/or its employees were negligent or otherwise acted improperly in violation of any state or federal statute or common law. In further answering, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and, as such, denies.

8. Answering Paragraph No. 8, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant admits only that it has certain duties which are defined by law and that Defendant complied with such duties. In further answering, this Defendant specifically denies any implication, assertion, or suggestion that Defendant and/or its employees were negligent or otherwise acted improperly in violation of any state or federal statute or common law.

9. Answering Paragraph No. 9, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant specifically denies any implication, assertion, or suggestion that Defendant and/or its employees were negligent or otherwise acted improperly in violation of any state or federal statute or common law. In further answering, this Defendant denies all remaining allegations.

10. Answering Paragraph No. 10, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant specifically denies any implication, assertion, or suggestion that Defendant and/or its employees were negligent or otherwise acted improperly in violation of any state or federal statute

or common law. In further answering, this Defendant denies all remaining allegations.

11. Answering Paragraph No. 11, this Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, this Defendant specifically denies any implication, assertion, or suggestion that Defendant and/or its employees were negligent or otherwise acted improperly in violation of any state or federal statute or common law. In further answering, this Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and, as such, denies.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Frontier Airlines Holdings, Inc. ("Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby alleges and shows to the Court, upon information and belief, the following affirmative defenses:

1. That Plaintiffs failed to state a claim upon which relief may be granted.

2. That Plaintiffs' claims may be barred by the applicable statute(s) of limitation.

3. That Plaintiffs' claims may be barred by the doctrine of laches, waiver, and estoppel.

4. That Defendant denies liability to Plaintiffs and, therefore, denies that any person, entity, or party is entitled to recovery from Defendant, individually or collectively, by way of contribution, indemnification, subrogation, or any other theory of recovery.

5. That Plaintiffs may have failed to mitigate their damages, if any.

6. That any alleged injuries or damages sustained by Plaintiffs may have been caused by their own negligence and/or wrongdoing.

7. That any alleged injuries or damages sustained by Plaintiffs may have been caused by the negligence of a third party not under the control of this responding Defendant.

8. That Plaintiffs' damages, if any, are barred pursuant to the result of unrelated, pre-existing, subsequent conditions, superseding causes, or actions unrelated to Defendant's acts or omissions.

9. That any alleged injuries or damages sustained by Plaintiffs were the result of an act of God, including meteorological conditions, over which this responding Defendant had no control.

10. That Plaintiffs may have failed to name necessary and indispensable parties.

11. That any award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source.

12. To the extent any party has settled or may in the future settle with Plaintiffs, Defendant asserts that it is entitled to an appropriate set-off, credit, or reduction of any judgment.

13. That Plaintiffs are bound by the terms and conditions of the contract between themselves and Defendant. Plaintiffs are specifically bound to any and all provisions barring or limiting recovery from Defendant.

14. Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

15. Defendants allege that Plaintiffs' claims may be barred by the affirmative defenses identified in Rule 8.03 of Minnesota Rules of Civil Procedure and Rule 12(b) of the Federal Rules of Civil Procedure. Defendants reserve their right to assert the defenses based upon discovery.

16. Defendant expressly reserves the right to add such other defenses, counterclaims, crossclaims, or third-party claims by way of supplemental pleading or amending pleading as may be determined or discovered during these proceedings.

WHEREFORE, Defendant, Frontier Airlines Holdings, Inc. demands judgment dismissing

Plaintiff's Complaint together with all costs and disbursements in this action.

Dated this 28th day of November, 2023.

> **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
> Attorneys for Defendant, *Frontier Airlines Holdings, Inc.*
>
> By:   */s/ John P. Loringer*
>       John P. Loringer
>       State Bar No. 390894
>       John.Loringer@wilsonelser.com

P.O. ADDRESS
555 East Wells Street, Ste. 1730
Milwaukee, WI 53202
414.276.8816 (Main)

## VERIFICATION

I, John P. Loringer, state and swear, subject to the laws of perjury, that everything in this Answer and Affirmative Defenses is true and accurate to the best of my information, knowledge, and belief.

> By:   */s/ John P. Loringer*
>       John P. Loringer
>       State Bar No. 390894