UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bernard Howell, Sr., individually, and
Bernard Howell, Sr., as parent and custodian
of BH, Jr.,

        Plaintiff,

v.

Frontier Airlines Holdings, Inc.,

        Defendant.

Case No. 0:23-cv-01600-JRT-DTS

**RULE 26(F) REPORT**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on January 16, 2024 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **January 23, 2024** at **10:30 a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

## TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge do not waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district. If the parties consent and to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do** wish to receive a date certain for trial at the Rule 16(a) conference.

## DESCRIPTION OF THE CASE

1.     **Concise factual summary of Plaintiff's claims:**

On April 30, 2019, Plaintiffs, Bernard Howell, Sr. and his minor son, BH, Jr. (collectively "Plaintiffs"), were ticketed passengers flying on Defendant's, Frontier Airlines Holdings, Inc.

1

("Defendant"), airline from Las Vegas, Nevada to Minneapolis, Minnesota. On a leg of this trip from Las Vegas, Nevada to Colorado, Plaintiffs allege that they sustained injuries as a result of an emergency descent, a rough landing, issues with landing gear, and/or pilot negligence when Plaintiffs were thrown forward and upward from their seats. Plaintiff, Bernard Howell, Sr., specifically alleges that he struck his head on his seat as well as the overhead cabin, which caused him to sustain a concussion and traumatic brain injury. As a result, Plaintiffs assert claims against Defendant for negligence and violation of 49 U.S.C. §§ 44701(d)(1)(A) and 44702(b)(1)(A), as well as assert the *res ipsa loquitur* doctrine.

## 2. Concise factual summary of Defendant's claims/defenses:

Defendant denies all of Plaintiffs' allegations. Defendant specifically denies that it was negligent or otherwise liable to Plaintiffs under theories of negligence or the *res ipsa loquitur* doctrine. Defendant further denies the nature and extent of Plaintiffs' alleged damages.

## 3. Statement of jurisdiction (including statutory citations):

Pursuant to 28. U.S.C. § 1332, the U.S. District Court for the District of Minnesota has jurisdiction over this case because the claimed damages exceed $75,000 and there is also complete diversity among the parties.

<u>The Amount in Controversy Exceeds the Jurisdictional Requirement</u>

The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because Plaintiffs seek damages totaling $275,000, which exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

<u>Complete Diversity Exists Between the Parties</u>

Plaintiffs reside in Burnsville, Minnesota, in the County of Dakota, which is located in the First Judicial District. (*See* Pl.'s Compl. ¶1, Dkt. 3). Plaintiffs are citizens of Minnesota. Defendant is organized under the laws of Colorado with its principal place of business located in Colorado. (*See* Def.'s Answer ¶2, Dkt. 20). Defendant is a citizen of Colorado. *See* 28 U.S.C. § 1332(c)(1).

## 4. Summary of factual stipulations or agreements:

The parties have agreed to revisit potential factual stipulations once initial disclosures and written discovery responses are completed.

## 5. Statement of whether a jury trial has been timely demanded by any party:

Plaintiffs have demanded a jury trial.

## 6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable.

## PLEADINGS

**The status of pleadings is as follows:**

All civil process has been served and all pleadings filed. Currently, there are no known plans for any party to move to amend the pleadings or to add additional parties to the action.

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **February 23, 2024**. If the parties include a description by a category and location of documents, they agree to exchange copies of those initially disclosed.

2. The parties must complete any physical and mental examinations under Fed. R. Civ. P. 35 by **August 19, 2024**.

3. The parties must commence fact discovery procedures in time to be completed by **November 1, 2024**.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

    a. **25** interrogatories;

    b. **40** document requests;

    c. **40** requests for admission. The parties have discussed a protocol for the authentication of documents and agree on the following:

    d. **10** factual depositions:

    e. **2** Rule 35 medical examinations; and

    f. The parties have discussed the scope of Rule 30(b)(6) deposition practice and have made the following agreements: None at this time. The parties have agreed to revisit the potential scope of Rule 30(b)(6) deposition practice once initial disclosures and written discovery responses are completed.

## EXPERT DISCOVERY

1. The parties anticipate that they **will** require expert witnesses at the time of trial.

    a. The Plaintiffs anticipate calling 1 (number) experts in the fields of: aviation.

    b. The Defendant anticipates calling 2 (number) experts in the fields of: aviation and medical.

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Expert Disclosures

        i. The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **June 3, 2024**.

        ii. The identity of any expert who Defendant may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **August 19, 2024**.

3. All expert discovery, including expert depositions, must be completed by **November 1, 2024**.

## OTHER DISCOVERY ISSUES

1. **Protective Order**

The parties have discussed whether they believe that a protective order is necessary to govern discovery. If a protective order is requested by any party, the parties will jointly submit either a proposed protective order or a report identifying areas of disagreement on or before **February 23, 2024**. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions:  All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2. **Discovery of Electronically-Stored Information**

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also

discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The parties will further meet and confer by **February 23, 2024** to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by **February 23, 2024**.

**3. Claims of Privilege or Protection**

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties have reached an agreement as follows: The parties will include their agreement in their proposed Protective Order, if necessary.

## MOTION SCHEDULE

The parties proposed the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by **May 1, 2024**.

2. Motions seeking to amend the pleadings must be filed and served by **May 1, 2024**.

3. Non-Dispositive Motions

    a. All non-dispositive motions relating to *fact* discovery must be filed and served by **November 1, 2024**.

    b. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **January 3, 2025**.

4. Dispositive Motions: All dispositive motions must be served and filed by **February 14, 2025**.

## TRIAL

1. The parties agree that the case will be ready for trial on or after **May 16, 2025.**

2. The anticipated length of the jury trial is **3-5** days.

## INSURANCE CARRIERS/INDEMNITORS

5

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured.

**Defendant has sufficient coverage through its insurance carriers which was applicable on the alleged date of loss, the identity and limits of which will be provided in its initial disclosures under Fed. R. Civ. P. 26(a)(1).**

## SETTLEMENT

The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

The parties proposed that a settlement conference be scheduled to take place before **February 14, 2025**.

Dated: 1/16/2024

*/s/ Richard W. Hechter*
Plaintiffs' Counsel
License No.: 0193537
Address: 7380 France Avenue S., Ste. 250
Edina, MN 55435
Phone: (952) 832-2000

Dated: 1/16/2024

*/s/ John P. Loringer*
Defendant's Counsel
License No.: 390894
Address: 555 East Wells Street, Ste. 1730
Milwaukee, WI 53202
Phone: (414) 292-3019