# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bernard Howell, Sr., | Case No. 23-cv-1600 (JRT/DTS) |
| Plaintiff, | |
| v. | **PRETRIAL SCHEDULING ORDER** |
| Frontier Airlines Holdings, Inc., | |
| Defendant. | |

The following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

**SUMMARY OF IMPORTANT DATES:**

Initial Disclosure Deadline: **February 23, 2024**

Joinder and Amended Pleadings Deadline: **May 1, 2024**

Fact Discovery Completion Deadline: **November 1, 2024**

Expert Deadlines
 Disclosures: P – **June 3, 2024** D – **August 19, 2024**
 Depositions: **November 1, 2024**

Non-Dispositive Motion Deadline to **Serve and File: November 1, 2024**

Dispositive Motion Deadline to **file, serve: February 14, 2025**

Trial Ready Date: **May 16, 2025**

**INITIAL DISCLOSURES**

The parties must make their initial disclosures under Rule 26(a)(1) on or before **February 23, 2024**. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by **February 23, 2024**.

**MOTIONS TO AMEND**

1. Motions seeking to join other parties must be filed and served by **May 1, 2024**.

2. Motions seeking to amend the pleadings must be filed and served by **May 1, 2024**.

**FACT DISCOVERY**

1. Written Discovery

    A. No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by either side.

    B. No more than **40** document requests shall be served by each party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

    C. No more than **40** requests for admissions shall be served by each side.

2. No more than **10** factual depositions, excluding expert witness depositions, shall be taken by each side.

3. No more than **2** Rule 35 medical examinations shall be completed on or before **August 19, 2024**.

4. The parties must commence fact discovery procedures in time to be completed on or before **November 1, 2024**.

**EXPERT DISCOVERY**

1. Each party may call no more than **2** expert(s) to testify.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **June 3, 2024**.

    Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **August 19, 2024**.

3. All expert discovery, including expert depositions, must be completed by **November 1, 2024** .

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues before **February 23, 2024** and will present any disputes

regarding their plan and protocol and any preservation issues to the Court by **February 23, 2024** by letter. The parties are advised that an electronic discovery guide is available on the Court's website.

**NON-DISPOSITIVE MOTIONS**

**A.**   **Dates**

1. All non-dispositive motions relating to *fact* discovery must be filed and served by **November 1, 2024**.

2. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **January 3, 2025**.

**B.**   **Procedures for Discovery Disputes**

The Court has both an informal and formal option for resolution of discovery disputes. The process utilized to resolve a particular dispute does not determine the process to be followed to resolve a subsequent dispute.

**Informal Process**

To invoke the informal process described herein, the parties must both agree to use it.

The parties schedule a telephonic hearing by calling Terianne, Judicial Assistant to Magistrate Judge Schultz, at 612-664-5460. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time.

If the parties agree to resolve the dispute through the informal process, each side shall submit to chambers at least **2 business days** in advance, a letter up to 5 pages in length (Times New Roman, 12-pt. font with 1 inch margins), outlining their argument. Judge Schultz will issue a decision at the time of the hearing and the parties agree that no appeal of the ruling will be taken.

**Formal Process**

Discovery disputes will not be heard unless the parties have first met and conferred either in-person, telephonically, or by video and made a good-faith effort to settle their dispute, pursuant to revised Local Rule 7.1. **If the parties are unable to resolve the dispute after good-faith efforts, the party raising the unresolved issue must secure a telephone conference date and time for both parties with Magistrate Judge Schultz before filing a formal motion.** No filings on discovery motions will be considered by the Court until the Court has first addressed the matter via conference call.

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart (attached) that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise. This

chart must be in Word format and emailed at least three business days before the hearing to chambers at: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order will result in the cancellation of the hearing.

**C.      Non-Discovery Non-Dispositive Motion Procedures**

All non-dispositive motions must be scheduled for hearing by calling Terianne, Judicial Assistant to Magistrate Judge Schultz, at 612-664-5460 prior to filing, except when all parties agree that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Court.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

**DISPOSITIVE MOTIONS**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be **served and filed** by the moving party on or before **February 14, 2025**. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before twenty-one (21) days after the service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed fourteen (14) days after the service of the response to the dispositive motion.  Upon the motion being fully briefed and filed, counsel for the moving party shall e-mail District Judge John R. Tunheim's chambers at *tunheim_chambers@mnd.uscourts.gov* to request a hearing date. Upon receiving a hearing date, time, and location from District Judge Tunheim's Courtroom Deputy, the moving party shall file the amended notice of hearing at that time.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or

protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

**PROTECTIVE ORDER**

The parties intend to enter into a protective order. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order. Local Rule 5.6 governs filing under seal. Any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

**JOINT MOTIONS REGARDING CONTINUED SEALING PURSUANT TO LR 5.6**

See separate order on Joint Sealing.

**TRIAL**

This case shall be ready for a jury trial as of **May 16, 2025**. The parties estimate that trial of this matter will take **5** days.

**PRACTICE POINTERS AND PREFERENCES**

Please refer to Magistrate Judge David T. Schultz's Practice Pointers and Preferences which may be found on the Court's website.

Dated: January 24, 2024            __s/David T. Schultz_____
                                   DAVID T. SCHULTZ
                                   United States Magistrate Judge

**Case Name and Number** _____

Several discovery responses have been identified as deficient in [the moving party's Motion to Compel (ECF No. \_\_\_\_\_)]. To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer. Please attach additional sheets as necessary. At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Schultz_chambers@mnd.uscourts.gov

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court Notes |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____