Exhibit 2

| DKT. NO. | DKT. NO. OF REDACTED VERSION (If Filed) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: (a) The information that the parties agree should remain sealed; (b) The information the parties agree should be unsealed; and (c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONF. (If Any) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | | | | The document contains information designated by ___ as confidential under the protective order issued in this case, including confidential product information. |
| | | | | | Bates-labeled documents produced by Defendant are designated/marked "confidential." |
| | | | | | Plaintiffs' Position: This document is Notes from a July 1, 2008 Meeting. These notes are cited in Plaintiffs' brief in support of summary judgment. *See* Doc. 644 at 9.<br><br>Defendants are not entitled to adjudication of this case in private. "There is a strong presumption in favor of public access to judicial records, and while this right is not absolute, such presumption is not easy to overcome." *U.S. ex rel. Evans v. RehabCare Group, Inc.*, 2016 WL 8234943, at *2 (E.D. Mo. Dec. 2, 2016). "Cases brough under the [ ] Act receive special consideration because they inherently implicate the public interest." *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011); *see also RehabCare Group*, 2016 WL 8234943, at *2 ("Indeed, the presumption in favor of public access is particularly strong where the filings involve matters of public concern such as allegations of fraud against the government."). To overcome the presumption, Defendants must show compelling reasons to justify nondisclosure. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006).<br><br>Defendants have not presented compelling reasons to overcome the strong presumption in favor of public access. This document should be unsealed because the public's |

Exhibit 2

right to access evidence supporting Plaintiffs' claims outweighs any potential harm to Defendants' business interests. *See Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214-15 (D. Minn. 2012) (party seeking to maintain seal must show with specificity that competitive harm would result from disclosure). Defendants' mere speculation that harm may result from unsealing this twelve-year old document is not a specific showing of competitive harm and is likewise not a compelling reason justifying nondisclosure. The public has a strong right to know about allegations of fraud against the government. This document is significant evidence that shows PL's plan to provide kickbacks to a physician. This evidence was put before the court on a merits-based motion and should be available for public scrutiny as part of that motion. The document should be unsealed.

Defendants' Position: Though there is a common-law preference for access to judicial records, the 8th Circuit has *rejected* the strong presumption in favor of public access found in other circuits. *Nixon v. Warner Comms.*, 435 U.S. 589, 597 91978), the Eighth Circuit has rejected the strong presumption in favor of public access found in other circuits. *See United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986). Instead, the Eighth Circuit gives deference to the district court, which must weigh the facts and circumstances of the particular case to determine whether to unseal a party's internal information. *Webster Groves School Dist. V. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990); *see also IDT Corp. v. eBay et al.*, 709 F.3d 1220, 1224 (8th Cir. 2013) (holding that the district court must balance the party's interest with the value of the information to the public).

"[N]ot all documents filed by parties are 'judicial records'; instead, only those documents that are *relevant to and integrally involved in the resolution of the merits of a case* are judicial records to which the presumption of public

Exhibit 2

|  |  |  |  |  | access attaches." *Krueger v. Ameriprise Financial, Inc.*, 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014) (emphasis added). In *Krueger*, the Court determined that several business documents should remain under seal where the information was not otherwise public and "the documents were not significant to the court's decision on summary judgment." *Id.* at *13.<br><br>Here, Defendants contend that a limited subset of information within the document is nonpublic, commercial information that should remain under seal. The information is sensitive business information that relates to sales, pricing, and other core commercial activities that could potentially harm Defendants' business ventures going forward. In addition, and as a second basis for allowing the continued sealing of such information, the proposed redaction does not include information cited by Plaintiffs or information likely to be used by the Court in its determination of the motion. Therefore, the public interest in this information is low.<br><br>Defendants thus respectfully request that the information remain under seal. |